[No. F019523. Fifth Dist. June 3, 1994.]

In re CURTIS S., a Minor.
KENNETH A. et al., Petitioners and Respondents, v.
JAMES S., Ojbector and Appellant.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of Facts and Proceedings and Discussion, parts I through VII.

## COUNSEL

Theodore S. Goodwin, under appointment by the Court of Appeal, for Objector and Appellant.

Don C. Sutton for Petitioners and Respondents.

Leslie F. Jensen for Minor.

Mark E. Cutler and Bradley A. Bristow as Amici Curiae upon the request of the Court of Appeal.

OPINION

**VARTABEDIAN, J.**—James S. appeals from an order terminating his parental rights (Civ. Code,[1] § 232) to his son Curtis S. Curtis's maternal grandparents (Kenneth A. and Carol A.) petitioned for the termination approximately one year following the death of their daughter and Curtis's mother, Kelly S.[2] The grandparents sought Curtis's freedom from James's custody and control on grounds he had intentionally abandoned the child both before and after the mother's death by failing to support and communicate with him.[3] James raises a variety of issues, none of which are

---

[1]All statutory references are to the Civil Code unless otherwise indicated.

Effective January 1, 1994, the Civil Code sections cited in this opinion were repealed and reenacted in the new Family Code. While we will refer to the sections as they existed in the underlying proceedings, we have cross-referenced below the former Civil Code section numbers with the Family Code section numbers.

| Former Civil Code Section | Family Code Reference |
| --- | --- |
| 196a | 3900, 4000 |
| 197 | 3010, 7500 |
| 224 | 8604, 8606 |
| 232 | 7802, 7807, 7808, 7820-7829, 7890, 7892 |
| 233 | 200, 7806, 7841, 7845, 7850, 7851 |
| 237.5 | 7860-7864 |
| 237.7 | 7895 |
| 238 | 7894 |
| 239 | 7893 |
| 4600 | 3020, 3021, 3040-3043 |
| 4700.11, subd. (b) | 4723, subds. (a), (b) |
| 4701.1, subd. (a)(4)(A), (B) | 4612, subds. (a), (b) |
| 4721 | 4055-4069 |
| 7004, subd. (a) | 7611 |

[2]Any interested person may petition the superior court to declare a child free from parental custody and control. (§ 233.)

[3]In this regard, section 232, subdivision (a)(1) provided in pertinent part at times relevant to this action:

"An action may be brought for the purpose of having any person under the age of 18 years declared free from the custody and control of either or both of his parents when such person comes within any of the following descriptions:

"Who has been left without provision for his identification by his parent or parents or by others or has been left by both of his parents or his sole parent in the care and custody of another for a period of six months or by one parent in the care and custody of the other parent for a period of one year without any provision for his support, or without communication from such parent or parents, with the intent on the part of such parent or parents to abandon such person. Such failure to provide identification, failure to provide, or failure to communicate shall be presumptive evidence of the intent to abandon. Such person shall be deemed and called a person abandoned by the parent or parents abandoning him. If in the opinion of

meritorious. We affirm. In the published portion of this opinion, we determine that we are not authorized to appoint appellate counsel at the public's expense in a private section 232 action.

## FACTS AND PROCEEDINGS*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISCUSSION

I.-VII.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . .

VIII.   *Appellate Counsel for the Father*

■   On this court's own motion, we questioned whether it was appropriate to appoint appellate counsel for the father, James. Counsel was initially appointed based on a miscategorization by the Central California Appellate Project (CCAP) that this was an appeal from a criminal conviction. Upon learning of this error, we revoked the appointment. We subsequently invited briefing on the issue not only from the parties but also from CCAP, as a friend of the court. It was and it remains this court's position that we lack the authority to appoint appellate counsel for a parent who challenges a termination order in a private section 232 action.

While a parent is statutorily entitled to a court-appointed *trial* attorney in section 232 proceedings provided he or she is indigent (§ 237.5, subd. (b)), the statutory right to appointed counsel *on appeal* is not as expansive. The Legislature directs the appellate courts to appoint appellate counsel for an indigent parent only if the child who was freed from parental custody was a juvenile court dependent. (§ 237.7.)[11] In this case, Curtis S. was not such a child.

CCAP relies upon *In re Jacqueline H.* (1978) 21 Cal.3d 170 [145 Cal.Rptr. 548, 577 P.2d 683] in which the California Supreme Court construed then existing sections 237.5 and 238 to require a reviewing court to appoint

---

the court the evidence indicates that such parent or parents have made only token efforts to support or communicate with the child, the court may declare the child abandoned by such parent or parents."

*See footnote, *ante*, page 687.

[11]Section 237.7 provided in pertinent part: "[u]pon appeal from a judgment freeing a minor who is a dependent child of the juvenile court from parental custody and control, the appellate court shall appoint counsel for the appellant as provided by this section."

counsel for any indigent parent appealing from a section 232 termination order.[12] However, in 1984, well *after* the *Jacqueline H.* opinion, the Legislature added section 237.7. (Stats. 1984, ch. 605, § 1, p. 2326.) As noted above, the code provision on its face restricts a parent's right to appointed appellate counsel to situations in which the child who was freed from parental custody was a dependent child of the juvenile court.

■ While CCAP argues that a literal interpretation of section 237.7 raises a serious equal protection problem, we disagree. We find the parent who appeals a termination order in a private section 232 action and the parent who appeals a termination order in an action initiated by the state are not similarly situated for purposes of equal protection analysis. True, the parental rights of each have been terminated. However, in the former case, the state, with all of the legal and financial resources available to it, is not the respondent. In the more typical termination action brought by the state with regard to a juvenile court dependent, appointed appellate counsel is necessary to assure a "level playing field" (*Cynthia D.* v. *Superior Court* (1993) 5 Cal.4th 242, 255 [19 Cal.Rptr.2d 698, 851 P.2d 1307]).

■ Alternatively, CCAP argues any indigent parent is entitled to appointed appellate counsel under either the federal or state Constitutions. However, we are not persuaded a constitutional mandate exists when a private party initiated the termination proceedings.

*Lassiter* v. *Department of Social Services* (1981) 452 U.S. 18, 31 [68 L.Ed.2d 640, 652, 101 S.Ct. 2153], a case on which CCAP relies, expressly rejected a claim that the federal Constitution required the appointment of counsel in every parental termination proceeding. The United States Supreme Court announced there is a presumption that an indigent litigant has a right to appointed counsel *only* when there is at least a potential deprivation of physical liberty. (*Id.* at pp. 26-27 [68 L.Ed.2d at pp. 648-649].) It also identified the private interests at stake, the government's interest and the risk that the procedures used will lead to erroneous decisions as the three elements which, when weighed against the presumption, could constitutionally require, on a case-by-case basis, court appointment. (*Id.* at pp. 27, 31 [68 L.Ed.2d at pp. 649, 652].)

We believe the concern for an "equal contest of opposed interests" (*Lassiter* v. *Department of Social Services, supra,* 452 U.S. at p. 28 [68 L.Ed.2d at p. 650]) is not as strong in an appeal from a private section 232

---

[12]Section 237.5, as previously noted, authorized the appointment of trial counsel for indigent parents in any section 232 proceeding. Section 238 recognized the right to appeal from a section 232 termination order or judgment.

order as in an appeal in a termination action brought by the state. Therefore, we find no federal constitutional right to appointed appellate counsel when a parent appeals from a private section 232 termination order. (Cf. *In re Christina P.* (1985) 175 Cal.App.3d 115, 129 [220 Cal.Rptr. 525].)

Likewise, we find no state constitutional right to appointed appellate counsel for a parent when a private party initiated the termination proceedings. ▆ "The touchstone of due process is fundamental fairness. Whether due process requires the appointment of counsel in a particular case depends on the interests involved and the nature of the proceedings." (*Salas v. Cortez* (1979) 24 Cal.3d 22, 27 [154 Cal.Rptr. 529, 593 P.2d 226].) ▆ We are persuaded that when a parent appeals from a termination order in a private section 232 action, due process does not require appointed counsel if the parent is indigent. Even though the parenting right is at stake, there is nothing fundamentally unfair about an appeal from a termination order in a private section 232 action in which the appealing parent either retains counsel or appears in propria persona before the appellate court.

Finally, CCAP makes a public policy argument in favor of appointed appellate counsel for parents whose rights are terminated in private actions. However, this is not the proper forum for such an argument. This is a claim better made to the Legislature. In the absence of some constitutional requirement, infirmity in the statute or direction from a higher court, we are bound to follow the law as mandated by the Legislature. It is not our role to legislate or appropriate public funds.

### DISPOSITION

The judgment is affirmed.

Martin, Acting P. J., and Randall, J.,* concurred.

---

*Judge of the Kern Superior Court sitting under assignment by the Chairperson of the Judicial Council.