[No. D023760. Fourth Dist., Div. One. June 27, 1995.]

APPELLATE DEFENDERS, INC., Petitioner, v.
CHERI S., Respondent.

**COUNSEL**

Paul Bell for Petitioner.

Susan Bookout, under appointment by the Court of Appeal, for Respondent.

**OPINION**

**FROEHLICH, J.—** ██ In this petition for extraordinary relief, we determine an indigent parent is entitled to appointed appellate counsel where that parent's rights have been terminated in a proceeding freeing his or her child from custody and control (Fam. Code,[1] § 7822) or in a proceeding declaring that parent's consent unnecessary for a stepparent adoption. (§§ 9000, 8604.) Relying on *In re Jacqueline H.* (1978) 21 Cal.3d 170 [145 Cal.Rptr. 548, 577 P.2d 683], and the legislative history of section 7895, we conclude the right to an effective appeal exists in all proceedings which terminate parental rights, whether the proceedings are initiated by private persons or the state. Accordingly we deny the petition to vacate the appointment of appellate counsel.

### FACTUAL AND PROCEDURAL BACKGROUND

Allen B. (father)[2] petitioned to declare his daughters Jenna B. and Falon B. free from the custody and control of their mother Cheri S. (mother) under

---

[1] All statutory references are to the Family Code unless otherwise specified.

[2] We refer to the parties by status rather than by name because mother and stepmother have the same first name, albeit spelled differently.

section 7822, subdivision (a).[3] (San Diego County Super. Ct., No. A40433.) Father alleged mother left the girls in his custody for over one year without providing for their support and with the intent to abandon them. The parents had divorced in 1989, agreeing to joint legal custody of the girls, with physical custody to father.[4]

In a report to the court, a department of social services (Department) investigator thought father was circumventing the custody agreement. The investigator recommended against terminating mother's rights.[5]

Father's current wife, Sherry B. (stepmother), then petitioned for a stepparent adoption under section 9000.[6] (San Diego County Super. Ct., No. A40597.) Stepmother alleged mother's consent to the adoption was not required because mother willfully failed to communicate and support the girls. A Department adoptions worker[7] reported the girls were "proper subjects for stepparent adoption" and recommended the petition be granted.

Mother opposed both petitions and the parties stipulated to a consolidated trial. Counsel was appointed for mother. On December 1, 1994, the court found mother willfully failed to provide financial support for Jenna and Falon for one year but did not intend to abandon them, denying father's petition to free the girls from their mother's custody and control. However

---

[3]Section 7822, subdivision (a) provides: "A proceeding under this part may be brought where the child has been left without provision for the child's identification by the child's parent or parents or by others or has been left by both parents or the sole parent in the care and custody of another for a period of six months or by one parent in the care and custody of the other parent for a period of one year without any provision for the child's support, or without communication from the parent or parents, with the intent on the part of the parent or parents to abandon the child."

[4]Jenna and Falon were nine and eight years old at the time the petition was filed on February 10, 1994.

[5]Upon the filing of a petition to free a child from the custody and control of a parent, the probation officer, qualified court investigator or department administering the public social services program "shall immediately investigate the circumstances of the child and the circumstances which are alleged . . . ." (§ 7850.) The investigator "shall render to the court a written report of the investigation with a recommendation to the court of the proper disposition to be made in the proceeding in the best interest of the child." (§ 7851, subd. (a).) The court "shall receive the report in evidence and shall read and consider its contents in rendering the court's judgment." (§ 7851, subd. (d).)

[6]" 'Stepparent adoption' means an adoption of a child by a stepparent where one birth parent retains custody and control of the child." (§ 8548.) "A stepparent desiring to adopt a child of the stepparent's spouse may for that purpose file a petition in the county in which the petitioner resides." (§ 9000, subd. (a).)

[7]The probation officer, qualified court investigator, or the county welfare department "shall make an investigation of each case of stepparent adoption. The court may not make an order of adoption until after the [investigator] has filed its report and recommendation and they have been considered by the court." (§ 9001, subd. (a).)

the court found mother failed to communicate with Jenna and Falon for a period of one year and sustained the stepparent adoption petition, allowing the adoption to proceed without mother's consent under section 8604.[8] Mother filed a notice of appeal from a judgment terminating her parental rights. (Adoption of Jenna B. (D022954, app. pending).) She is indigent.

Appellate Defenders, Inc., questioned our appointment of counsel for mother, pointing to *In re Curtis S.* (1994) 25 Cal.App.4th 687 [30 Cal.Rptr.2d 739]. *Curtis S.* interprets section 7895[9] as authorizing appointment of counsel on appeal after termination proceedings *only* for indigent parents whose children have been declared dependents of the juvenile court. We deemed the letter a petition for extraordinary relief to resolve the question and invited briefing and argument. We have taken judicial notice of the record on appeal. (Evid. Code, § 459.)

DISCUSSION

In *In re Jacqueline H., supra,* 21 Cal.3d 170, our Supreme Court declared any indigent parent appealing from an order terminating his or her parental rights under former Civil Code section 232 was entitled to appointed counsel. The appointment was warranted because of the severity in terminating the parent-child relationship and in recognition the Legislature authorized appellate counsel for indigent parents appealing from the less drastic order adjudging a child a dependent. (21 Cal.3d at pp. 173-177.)

---

[8]Section 8604 provides in relevant part: "(b) If one birth parent has been awarded custody by judicial order, or has custody by agreement of both parents, and the other birth parent for a period of one year willfully fails to communicate with and to pay for the care, support, and education of the child when able to do so, then the birth parent having sole custody may consent to the adoption, but only after the birth parent not having custody has been served with a copy of a citation in the manner provided by law for the service of a summons in a civil action that requires the birth parent not having custody to appear at the time and place set for the appearance in court under Section 8718, 8823, 8913, or 9007).

"(c) Failure of a birth parent to pay for the care, support, and education of the child for the period of one year or failure of a birth parent to communicate with the child for the period of one year is prima facie evidence that the failure was willful and without lawful excuse."

[9]Section 7895 provides: "(a) Upon appeal from a judgment freeing a child who is a dependent child of the juvenile court from parental custody and control, the appellate court shall appoint counsel for the appellant as provided by this section.

"(b) Upon motion by the appellant and a finding that the appellant is unable to afford counsel, the appellate court shall appoint counsel for the indigent appellant, and appellant's counsel shall be provided a free copy of the reporter's and clerk's transcripts. All of those costs are a charge against the state.

"(c) The reporter's and clerk's transcripts shall be prepared and transmitted immediately after filing of the notice of appeal, at state expense and without advance payment of fees. If the appellant is able to afford counsel, the state may seek reimbursement from the appellant for the cost of the transcripts under subdivision (c) of Section 68511.3 of the Government Code as though the appellant had been granted permission to proceed in forma pauperis."

"Although Civil Code section 232 et seq. do not in express terms provide for the appointment of appellate counsel, the right to such appointment appears implicit in the Legislature's entire statutory scheme for the removal of children from the custody and control of their parents." (*In re Jacqueline H., supra,* 21 Cal.3d at p. 175.) In passing, the court noted former Civil Code section 232 proceedings were "ordinarily" initiated by the state, but made no distinction to deny appointment of counsel in privately initiated proceedings. (21 Cal.3d at p. 175.) The court concluded "the Legislature could not have intended to withhold from an indigent parent the right to an *effective* appeal, and, therefore, the services of appellate counsel in section 232 proceedings." (*Id.* at p. 177, italics in original.)

■ In 1984 the Legislature enacted Civil Code section 237.7, which provides: "Upon appeal from a judgment freeing a minor who is a dependent child of the juvenile court from parental custody and control, the appellate court shall appoint counsel for the [indigent] appellant . . . ." (Stats. 1984, ch. 605, § 1, p. 2326.) The section was repealed and reenacted without substantive change nearly a decade later under Family Code section 7895. (Stats. 1992, ch. 162, operative Jan. 1, 1994; see *ante,* fn. 9.)

Applying Civil Code section 237.7, the court in *In re Curtis S., supra,* 25 Cal.App.4th 687, interpreted the section as authorizing appointed counsel on appeal *only* if the child freed from the custody and control of a parent was a juvenile court dependent. In *Curtis S.* the child's grandparents initiated the proceeding to free him from his father's custody and control, based on abandonment. On appeal from the termination of parental rights, the appellate court denied the indigent father appointed counsel, concluding it lacked appointment authority where a private person had initiated the termination proceedings. (25 Cal.App.4th at pp. 691-692.)

The court noted former Civil Code section 237.7 was enacted after *Jacqueline H.* and reasoned the Legislature intended to restrict the right to appointed appellate counsel, by the language of the statute. (25 Cal.App.4th at p. 692.) Equal protection was not a concern for the *Curtis S.* court where the parents of dependent children would have a right to counsel and the parents of nondependent children would not. Similarly the court saw no due process violation where the state, "with all of the legal and financial resources available to it, is not the respondent." (*Id.* at p. 692.) The court concluded there "is nothing fundamentally unfair about an appeal from a termination order in a private section 232 action in which the appealing parent either retains counsel or appears in propria persona before the appellate court." (*Id.* at p. 693.)

We disagree with *Curtis S.* In examining the legislative history of section 237.7, we find no intent by the Legislature to abrogate or restrict the right to

appellate counsel established by *Jacqueline H.* Rather, the Senate and Assembly Committees on the Judiciary analyzed the legislation as codifying *Jacqueline H.*, requiring reviewing courts to appoint counsel for *any* indigent parent whose parental rights were terminated. (Assem. Com. on Judiciary, Analysis of Sen. Bill No. 1912 (1983-1984 Reg. Sess.) as amended Mar. 19, 1984, at pp. 1-2 (Assembly Analysis); Legislative Analyst, Analysis of Sen. Bill No. 1912 (1983-1984 Reg. Sess.) as amended June 14, 1984, at p. 2 (Senate Analysis).)

The stated need for codification was that " 'confusion and delays' result when rights are extended by the courts rather than by statute." (Sen. Analysis, *supra*, at p. 3.) Moreover, the Assembly analysis explained support for the legislation as follows: "[T]he fundamental nature of parental rights mandates protection by the state of familial rights throughout all phases of termination proceedings. Such protection is critical where indigency might preclude any appeal, or any effective appeal, by an impoverished parent . . . ." (Assem. Analysis, *supra*, at p. 3.)

We interpret the language of section 7895 as affirming the right to appointed appellate counsel whenever a state-initiated dependency proceeding results in the termination of parental rights. The statute does not limit the long-established right of other indigent parents to appellate counsel upon termination of rights in adoption proceedings.

The reference to "dependent child" in former Civil Code section 237.7 likely resulted from the Legislature's concern at that time for the inordinate delay and expense of continuing children in foster care pending finality of their cases. In the same bill, the Legislature established calendar preference for appeals in cases where the dependent child was freed from custody and control of a parent.[10] The Senate analysis noted "granting a calendar preference to these actions would result in savings to taxpayers, for in many instances children receive AFDC payments until their adoption is final." (Sen. Analysis, *supra*, at p. 4.)

Since the time of *Jacqueline H.*, the termination of parental rights of dependent children no longer proceeds under the Civil Code, but follows the comprehensive dependency scheme under Welfare and Institutions Code

---

[10]As enacted, Code of Civil Procedure section 45 provided: "An appeal from a judgment freeing a minor who is a dependent child of the juvenile court from parental custody and control shall have precedence over all cases in the court to which an appeal in the matter is taken." (Stats. 1984, ch. 605, § 2, p. 2326.) Section 45 also currently provides that the appellate court shall grant an extension of time to a court reporter only upon an exceptional showing of good cause, "[i]n order to enable the child to be available for adoption as soon as possible and to minimize the anxiety to all parties . . . ."

section 300 et seq. (Stats. 1987, ch. 1485, § 47, pp. 5638-5642.) Actions to free nondependent children from the custody and control of their parents continue under section 7800 et seq.[11] Parental rights also are severed in the adoption context under section 8500 et seq.[12]

Although the Legislature moved termination proceedings in reorganizing codes, we believe the reasoning expressed in *Jacqueline H.* continues to apply. The indigent parent has an express right to appointed trial counsel in a termination of parental rights proceeding. (§ 7862.)[13] "It follows that appointment of counsel on appeal from a judgment after such a hearing [to free a child from custody and control of the parent] is merely a logical concomitant of that legislatively created right." (*Salas* v. *Cortez* (1979) 24 Cal.3d 22, 41 [154 Cal.Rptr. 529, 593 P.2d 226] [due process requires appointment of counsel in paternity proceedings; Richardson, J., dis.].) The effect of terminating parental rights for adoption, whether initiated by the state or others, has the same drastic result for the parent. It is the same effect in the stepparent adoption context, where the custodial parent and current spouse seek to strip a parent of his or her right to withhold consent to adoption. (See *In re Jay R.* (1983) 150 Cal.App.3d 251, 264 [197 Cal.Rptr. 672].)[14]

We find no situation where an indigent person is entitled to appointed trial counsel and denied counsel on appeal from an adverse judgment. Indigents in criminal, juvenile court and civil commitment proceedings are entitled to appointed counsel at both trial and on appeal. (Pen. Code, § 1240.1; see 1 Witkin, Cal. Procedure (3d ed. 1985) Attorneys, §§ 56-59, pp. 75-82.) If skilled counsel is needed to protect the indigent parent's rights at trial and preserve issues for appeal, it follows skilled appellate counsel should examine that record for claims of error. "Any other conclusion would, ironically, turn this court into an advocate for the indigent party in a sense; for we

---

[11]Section 7802, providing for proceedings to declare a minor child free from the custody and control of either or both parents, continues the first part of former Civil Code section 232, subdivision (a). (Stats. 1992, ch. 162, operative Jan. 1, 1994.)

[12]"The birth parents of an adopted child are, from the time of the adoption, relieved of all parental duties towards, and all responsibility for, the adopted child, and have no right over the child." (§ 8617.) Section 8617 continues former Civil Code section 221.76 without substantive change. (Stats. 1992, ch. 162,; operative Jan. 1, 1994.)

[13]Section 7862 provides: "If a parent appears without counsel and is unable to afford counsel, the court shall appoint counsel for the parent, unless that representation is knowingly and intelligently waived." Section 7862 continues the first sentence of former Civil Code section 237.5, subdivision (b) without substantive change. (23 Cal. Law Revision Com. Rep. (1993) p. 659.)

[14]We also note reported cases list appointed counsel on appeal in private and stepparent adoptions. (See, e.g., *Adoption of Kelsey S.* (1992) 1 Cal.4th 816 [4 Cal.Rptr.2d 615, 823 P.2d 1216], and *Adoption of Michael D.* (1989) 209 Cal.App.3d 122 [256 Cal.Rptr. 884].)

would be required to research and marshal the arguments . . . ." (*County of Orange* v. *Dabbs* (1994) 29 Cal.App.4th 999, 1004 [35 Cal.Rptr.2d 79] [indigent father entitled to counsel on appeal in an action by the county to recover child support].)

Freeing a child for adoption is not simply a contest between civil litigants. The judicial declaration ends one parent-child relationship to be able to create another. (See *Adoption of Thevenin* (1961) 189 Cal.App.2d 245, 252-253 [11 Cal.Rptr. 219].) The state investigates and reports to the court on the highly charged issues of abandonment, failure to provide and failure to communicate. (See *ante*, fns. 5 & 7.) Given the rights at stake and the state's active involvement in the investigatory process, the right to appointed counsel would be a hollow one if it were limited to trial.

Here, father unsuccessfully sought to terminate mother's rights to her daughters through a freedom from custody and control proceeding. However, stepmother succeeded in obtaining a judicial declaration mother's consent to stepparent adoption was unnecessary. Thus mother's rights to appear and dispute the adoption proceeding have ended. Upon the finalization of the stepparent adoption, mother will no longer have rights to Jenna and Falon. Although it may be true mother's parental status is not terminated by operation of law until the stepparent adoption is final, from mother's perspective her rights have been severed. Any claim of error should be raised sooner rather than on later appeal from a judgment of adoption. Accordingly the appointment of appellate counsel for mother is proper under *Jacqueline H.* and section 7895.

### DISPOSITION

The petition to vacate appointment of appellate counsel is denied.

Benke, Acting P. J., and Nares, J., concurred.