[No. A067513. First Dist., Div. Four. Oct. 27, 1995.]

Adoption of CHAD T., a Minor.
ROBERT E., Plaintiff and Respondent, v.
JERRY T., JR., Defendant and Appellant.

**COUNSEL**

Ann Vandepol for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

**OPINION**

**PERLEY, J.\*—** ■ This case presents the question of whether on appeal of a proceeding conducted under Family Code section 7822 which terminates parental rights the Court of Appeal must conduct an independent review of the record when counsel for the appealing parent can find no arguable issue to raise before us. (*People* v. *Wende* (1979) 25 Cal.3d 436 [158 Cal.Rptr. 839, 600 P.2d 1071].) We conclude that the appealing parent has no right to such review. Inasmuch as our Supreme Court has granted review of the issue with respect to the applicability of *Wende* to parental rights terminations for dependent children,[1] we urge the court to extend its review, to cases such as this, involving parental rights terminations conducted under the Family Code, in order that a uniform rule be adopted as to all actions terminating parental rights.

---

*Retired Associate Justice of the Court of Appeal, First District, sitting under assignment by the Chairperson of the Judicial Council.

[1]The Supreme Court granted review in *In re Angela G.\** (Cal.App.) and *In re Sade C.* (1995) 41 Cal.App.4th 1642 [44 Cal.Rptr.2d 509] review granted October 19, 1995 (S048796).

*Reporter's Note: Review granted June 15, 1995 (S046327). On December 14, 1995, review dismissed and cause remanded to Court of Appeal, First Appellate District, Division Four.

Jerry T. appeals from an order terminating his parental rights to his 13-year-old son, Chad. The parental rights termination accompanied a petition for stepparent adoption filed by Robert E. (Fam. Code, § 7822, subds. (a) & (b)), who has been married to Chad's mother for the past eight years. Jerry T. left his wife and children in September of 1983. In early 1986 Jerry T. was convicted in Missouri of first degree murder and is now serving a sentence of 50 years to life. The petition for termination was sustained on the ground that Jerry T. had abandoned Chad for a period in excess of one year.

Court appointed counsel for Jerry T. has filed an appellate brief which raises no issues, but asks this court to conduct an independent review of the record on the authority of *People* v. *Wende, supra,* 25 Cal.3d 436, 441. Although other published opinions have questioned the applicability of *Wende* review to parental terminations, those cases involved dependent children whose parents' rights were terminated under the Welfare and Institutions Code section 300 et seq.[2] A parallel proceeding for terminating parental rights in cases of nondependent children is now contained in the Family Code of which section 7822 contains without substantive change portions of former Civil Code section 232.[3]

We find that many of the reasons articulated in the cases which address *Wende* review in Welfare and Institutions Code section 300 cases are equally persuasive in this context. There is no need for us to recapitulate them all here. Suffice it to say that appellant was provided with appointed counsel in the superior court action. (*Appellate Defenders, Inc.* v. *Cheri S.* (1995) 35 Cal.App.4th 1819, 1826 [42 Cal.Rptr.2d 195].) On appeal he has likewise been represented by appointed counsel. (*Id.* at p. 1827.)

The right to appointed counsel for indigent parents in rights termination proceedings derives from state law, specifically Family Code section 7862. (*In re Appellate Defenders, Inc.,* v. *Cheri S., supra,* 35 Cal.App.4th at pp. 1824-1826, but see *In re Curtis S.* (1994) 25 Cal.App.4th 687, 691-692 [30 Cal.Rptr.2d 739].) Jerry T. has been afforded appointed counsel throughout this proceeding. Inasmuch as his appellate counsel finds no arguable grounds of error we decline to review the record yet again in search of such putative error.

---

[2]*Ronald S.* v. *Superior Court* (1995) 34 Cal.App.4th 1467 [41 Cal.Rptr.2d 139] and *In re Sade C., supra,* 41 Cal.App.4th 1642.

[3]Former Civil Code section 232, subdivision(a)(1). See California Law Revision Commission comment, Deering's Annotated Family Code (1994 ed.) section 7822, page 533.

The appeal from the judgment terminating the parental rights of Jerry T. is dismissed. The appeal from the decree of stepparent adoption of Chad T. is dismissed.

Poché, Acting P. J., and Reardon, J., concurred.

Appellant's petition for review by the Supreme Court was denied January 18, 1996.