41 Cal.App.4th 71 (1995)
48 Cal. Rptr.2d 346
In re MARY C., a Person Coming Under the Juvenile Court Law.
LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Petitioner and Respondent,
v.
RICHARD C. et al., Objectors and Appellants.
Docket No. B092660.
Court of Appeals of California, Second District, Division Five.
December 14, 1995.
*73 COUNSEL
G. Jack Benge, Jr., under appointment by the Court of Appeal, for Objectors and Appellants.
Jones, Day, Reavis & Pogue and Elwood Lui for Petitioner and Respondent.
Randall Pacheco for Minor.
OPINION
TURNER, P.J.
Presently pending before this court is the appeal of Richard and Pamela C. from an order terminating their parental rights pursuant to Welfare and Institutions Code section 366.26, subdivision (b)(1)[1] over their daughter Mary C., born September 30, 1992. The trial court, *74 acting pursuant to section 317, subdivision (c), appointed counsel to represent the minor.[2] Counsel appointed by the trial court has asked us to consider appointing an attorney to represent the minor on appeal. We have permitted the parties as well as counsel who represented the minor in the trial court to brief the question of whether an attorney should be appointed to separately represent the child. After due consideration of the views presented, we conclude counsel for the Los Angeles County Department of Children and Family Services (DCFS) should represent the minor's interests in her parent's appeal from the parental rights termination order. The motion to appoint separate counsel for the minor is denied.
Dependency proceedings were commenced as to the parents, Pamela and Richard C., on October 6, 1992. The minor was a newborn infant when the petition was filed pursuant to section 300, having been born on September 30, 1992. The petition alleged the minor should be a ward of the court pursuant to section 300, subdivisions (b), (c), and (f) because: Pamela C. had previously been convicted of involuntary manslaughter and cruelty to a child within the meaning of Penal Code sections 192, subdivision (b) and 273; two siblings of the newborn minor were already dependent wards of the court; Pamela C. was institutionalized due to severe mental illness; and both Pamela and Richard C. had failed to participate in court ordered counseling services. At the detention hearing conducted on October 7, 1992, eight days after the child's birth, the court appointed counsel to represent the minor pursuant to section 317. Eventually, pursuant to section 366.26, parental termination proceedings occurred. At the hearing, separate counsel appointed to represent the minor agreed with the position of the Los Angeles County Counsel, who at that time was representing the DCFS. The trial court issued its parental termination order on April 20, 1995.
There are two relevant statutory schemes for terminating parental rights pursuant to section 300 et seq. and Family Code section 7800 et seq., which is the 1992 recodification of former Civil Code sections 232-239. (Stats. 1992, ch. 162; see Appellate Defenders, Inc. v. Cheri S. (1995) 35 Cal. App.4th 1819, 1826 [42 Cal. Rptr.2d 195].) The right to separate counsel for a minor in parental termination proceedings commenced originally pursuant to section 300 is governed by section 317, subdivision (c), which states, "In any case in which it appears to the court that the minor would benefit from the appointment of counsel the court shall appoint counsel for the minor as provided in this section. Counsel for the minor may be a county *75 counsel, district attorney, public defender, or other member of the bar, provided that the counsel does not represent another party or county agency whose interests conflict with the minor's. The fact that the district attorney represents the minor in a proceeding pursuant to Section 300 as well as conducts a criminal investigation or files a criminal complaint or information arising from the same or reasonably related set of facts as the proceeding pursuant to Section 300 is not in and of itself a conflict of interest. The court shall determine if representation of both the petitioning agency and the minor constitutes a conflict of interest. If the court finds there is a conflict of interest, separate counsel shall be appointed for the minor. The court may fix the compensation to be paid by the county for the services of appointed counsel, if counsel is not a county counsel, district attorney, public defender or other public attorney." Section 317 has consistently been interpreted to permit appointment of separate counsel in a trial court on behalf of a minor only when an actual conflict of interest exists between the county agency responsible for commencing dependency proceedings and the child. (In re Candida S. (1992) 7 Cal. App.4th 1240, 1252-1254 [9 Cal. Rptr.2d 521]; In re Richard H. (1991) 234 Cal. App.3d 1351, 1367-1368 [285 Cal. Rptr. 917].) In parental termination proceedings commenced pursuant to Family Code section 7800, the provisions concerning appointment of counsel for a minor are set forth in Family Code section 7861 which states: "The court shall consider whether the interests of the child require the appointment of counsel. If the court finds that the interests of the child require representation by counsel, the court shall appoint counsel to represent the child, whether or not the child is able to afford counsel. The child shall not be present in court unless the child so requests or the court so orders."
Neither section 317, subdivision (c) nor Family Code section 7861 applies by its very terms to appointment of counsel for a minor on appeal from a parental termination order. (1) Normally, a minor's interests in the trial court are represented by the county child welfare agency. (In re Laura F. (1983) 33 Cal.3d 826, 840 [191 Cal. Rptr. 464, 662 P.2d 922]; In re Jenelle C. (1987) 197 Cal. App.3d 813, 819 [243 Cal. Rptr. 89]; In re Christina L. (1981) 118 Cal. App.3d 737, 747 [173 Cal. Rptr. 722]; In re Heidi T. (1978) 87 Cal. App.3d 864, 876 [151 Cal. Rptr. 263]; In re Marcos S. (1977) 73 Cal. App.3d 768, 780, fn. 2 [140 Cal. Rptr. 912]; In re Dunlap (1976) 62 Cal. App.3d 428, 439, fn. 2 [133 Cal. Rptr. 310] disapproved on another point In re Richard E. (1978) 21 Cal.3d 349, 354-356 [146 Cal. Rptr. 604, 579 P.2d 495].) However, regardless of whether the proceedings involve a parental rights termination issue or less serious dependency orders, when there is a conflict of interest between the county child protective services agency and a minor, separate counsel must be appointed for the child. (In re Richard E., *76 supra, 21 Cal.3d at p. 355; In re Candida S., supra, 7 Cal. App.4th at pp. 1252-1254; In re Richard H., supra, 234 Cal. App.3d at pp. 1367-1368; In re Dunlap, supra, 62 Cal. App.3d at pp. 438-439; § 317, subd. (c).) Rule 3-310 of the Rules of Professional Conduct prohibits an attorney from representing adverse interests without securing the client's written informed consent to such a professional arrangement.[3] This rule applies to publicly employed attorneys representing public agencies such as the DCFS. (Santa Clara County Counsel Attys. Assn. v. Woodside (1994) 7 Cal.4th 525, 548 [28 Cal. Rptr.2d 617, 869 P.2d 1142]; People ex rel. Deukmejian v. Brown (1981) 29 Cal.3d 150, 157 [172 Cal. Rptr. 478, 624 P.2d 1206].) Needless to note, it would be impossible to secure a written informed consent from the minor, who is now three years, two months of age. Further, when a conflict of interest exists, the lawyer is prohibited from using confidential information acquired from one client against the other. (People v. Bonin (1989) 47 Cal.3d *77 808, 835 [254 Cal. Rptr. 298, 765 P.2d 460]; Leversen v. Superior Court (1983) 34 Cal.3d 530, 538 [194 Cal. Rptr. 448, 668 P.2d 755].) Finally, all proceedings in dependency and parental rights termination matters are conducted with the goal of serving the best interests of the minor. (In re Marilyn H. (1993) 5 Cal.4th 295, 306-307 [19 Cal. Rptr.2d 544, 851 P.2d 826]; In re Richard H., supra, 234 Cal. App.3d at p. 1362; § 202, subd. (d)[4].)
Decisional authority construing the right to counsel on appeal has focused only upon the parent's right to an attorney. The decisional authority consistently has held that when a parent is an appellant, the statutory duty to appoint counsel at public expense in the trial court is the same as on appeal. In other words, when the parent is appealing from a dependency or termination order, the right to appointed counsel on appeal is the same as in the trial court. (In re Jacqueline H. (1978) 21 Cal.3d 170, 176-178 [145 Cal. Rptr. 548, 577 P.2d 683]; Appellate Defenders, Inc. v. Cheri S., supra, 35 Cal. App.4th at pp. 1823-1827; cf. In re Curtis S. (1994) 25 Cal. App.4th 687, 691-693 [30 Cal. Rptr.2d 739].) In Jacqueline H., the Supreme Court, utilizing principles of statutory construction, held that since the right to counsel existed in the trial court, it should exist in the appellate context, because to rule otherwise would compromise the right to an effective appeal. The Jacqueline H. court held: "The Legislature has recognized the greater severity of the parent's possible loss in section 232 proceedings as opposed to section 300 proceedings. It has mandated the appointment of counsel for indigent parents in the former case, but only authorized it in the latter. (Welf. & Inst. Code, § 317.) It would be anomalous indeed to find a right to the appointment of appellate counsel implicit in the latter proceeding but not in the former. [Citations.] [¶] The conclusion that an indigent appellant is entitled to appointed counsel on appeal in section 232 proceedings finds additional support in the rule applicable in adoption cases. After consent has initially been given for an adoption, a natural parent may request under Civil Code section 226a to withdraw consent. By statute, `[a]ny order of the court granting or withholding approval of a withdrawal of a consent to an adoption may be appealed from in the same manner as an order of the juvenile court declaring any person to be a ward of the juvenile court.' (Civ. Code, § 226a.) The juvenile court law and rules provide for appointment of counsel for indigent appellants in those cases. [¶] It bears emphasis that proceedings under section 232 are at least as critical for the parent as those under section 226a since not only may a parent lose a child, but the parent may be branded as unfit. Indeed `the involuntary termination of [the parent-child] relationship by state action must be viewed as a drastic remedy which should be *78 resorted to only in extreme cases....' [Citation.] Thus, the need for appellate counsel is greater in a section 232 appeal than in a section 226a appeal. Further, the parent involved in section 232 proceedings has opposed the adoption of his or her child from the outset, whereas the parent in a section 226a case has initially given consent to the adoption. Failing to provide appointed appellate counsel in the former situation while providing it in the latter would in effect penalize the parent who has sought to contest an adoption from the outset and has maintained some relationship with the child. [¶] For all of the foregoing reasons, this court concludes that the Legislature could not have intended to withhold from an indigent parent the right to an effective appeal, and, therefore, the services of appellate counsel in section 232 proceedings. Accordingly, this court construes Civil Code sections 237.5 and 238 to require a reviewing court to appoint counsel for any indigent parent appealing from an order terminating parental rights pursuant to Civil Code section 232." (In re Jacqueline H., supra, 21 Cal.3d at pp. 176-177, original italics, fn. omitted.) In Appellate Defenders, Inc. v. Cheri S., supra, 35 Cal. App.4th at page 1826, our colleague, now retired Charles W. Froehlich, Jr., adopted the analysis of Jacqueline H. when he wrote in the context of a parental termination rights appeal as follows: "Although the Legislature moved termination proceedings in reorganizing codes, we believe the reasoning expressed in Jacqueline H. continues to apply. The indigent parent has an express right to appointed trial counsel in a termination of parental rights proceeding. ([Fam. Code,] § 7862.) `It follows that appointment of counsel on appeal from a judgment after such a hearing [to free a child from custody and control of the parent] is merely a logical concomitant of that legislatively created right.' [Citation.] The effect of terminating parental rights for adoption, whether initiated by the state or others, has the same drastic result for the parent. It is the same effect in the stepparent adoption context, where the custodial parent and current spouse seek to strip a parent of his or her right to withhold consent to adoption. [Citation.] [¶] We find no situation where an indigent person is entitled to appointed trial counsel and denied counsel on appeal from an adverse judgment. Indigents in criminal, juvenile court and civil commitment proceedings are entitled to appointed counsel at both trial and on appeal. [Citations.] If skilled counsel is needed to protect the indigent parent's rights at trial and preserve issues for appeal, it follows skilled appellate counsel should examine that record for claims of error. `Any other conclusion would, ironically, turn this court into an advocate for the indigent party in a sense; for we would be required to research and marshal the arguments....' [Citation.]" Clearly, utilizing traditional statutory interpretation principles and just plain common sense, the right to counsel for a parent at trial has been construed to apply equally to appeals by parents who are appellants from parental rights termination orders.
*79 We need not decide the precise scope of a minor's right to separate counsel on appeal. However, we believe the Jacqueline H. and Appellate Defenders, Inc., approach to defining the scope of a parent's right to counsel on appeal applies equally to minors in section 366.26 parental termination appellate matters. (2) Our examination of the entire statutory scheme pertinent to trials in and appellate review of section 366.26 parental rights termination orders leads us to conclude that as here, where a minor was represented by separate appointed counsel in superior court, the child may, depending on the circumstances, have a right to her or his own attorney on appeal.
There are two situations where appointment of separate counsel for a child would be mandatory on appeal. One case where separate counsel should be appointed on appeal is when a conflict of interest exists. Counsel for the local child protective services is ethically precluded from representing conflicting interests by rule 3-310 of the Rules of Professional Conduct and decisional authority which precludes the use privileged information secured from one client against another. (People v. Bonin, supra, 47 Cal.3d at p. 835; Leversen v. Superior Court, supra, 34 Cal.3d at p. 538.) There is no evidence the Legislature has ever contemplated that counsel for a local child protective agency can also lawfully represent a child's interests on appeal in the face of a conflict of interest. Further, the minor's best interests are rarely served if the lawyer also representing the local child protective services agency has conflicting loyalties on appeal. Accordingly, if a conflict of interest exists between the child and the agency or its lawyer, the minor is entitled to separate counsel on appeal. This rule of law is consistent with section 317, subdivision (c), which applies in the trial court.
A second situation where separate counsel for a child on appeal may be appropriate would be upon a showing that the best interests of the child require the assignment of counsel. Such a situation invariably would occur on appeal when there is a conflict of interest. Further, if an appellate court is not satisfied with the quality of briefing by counsel for the local agency, protection of the child's best interests may require appointment of counsel to represent the minor. It is the minor's interest and safety which are the paramount concerns in proceedings commenced pursuant to section 300 and Family Code section 7660 et seq. (In re Malinda S. (1990) 51 Cal.3d 368, 384 [272 Cal. Rptr. 787, 795 P.2d 1244]; In re Dirk S. (1993) 14 Cal. App.4th 1037, 1044 [17 Cal. Rptr.2d 643].) Hence, if there is a legitimate necessity, it may be appropriate for separate appellate counsel to be appointed by an *80 appellate court.[5] This construction is consistent with Family Code section 7861, which permits the assignment of an attorney for a child when the interests of the minor require the appointment of separate counsel in the trial court.
(3) Turning to the present case, we find no conflict of interest exists or other circumstances are present which require the appointment of separate counsel for the minor.[6] We determine the question of whether to appoint separate counsel on appeal de novo. (Cf. In re Bryce C. (1995) 12 Cal.4th 226, 231-233 [48 Cal. Rptr.2d 120, 906 P.2d 1275] [issue of whether to appoint counsel on appeal for a parent who is a respondent and who was represented by an appointed attorney in the trial court in a parental termination proceeding an issue of appellate court discretion].) The minor, who has never lived with her mother and father, is three years, two months old and has not expressed a preference concerning placement. Further, at the hearing pursuant to section 366.26, the minor's counsel agreed with those views expressed by the attorney for the DCFS. In other words, the position taken on appeal by counsel for the DCFS is that expressed by the minor's separate attorney in the trial court. Counsel for the DCFS, a former member of this court and a distinguished lawyer in our community, has unequivocally *81 indicated there is no conflict of interest. When these considerations are collectively considered, no conflict of interest exists between the minor and the DCFS nor is separate counsel required to protect the best interests of the child.
The request for appointment of separate counsel for the minor on appeal is denied.
Grignon, J., and Godoy Perez, J., concurred.
On January 16, 1996, the opinion was modified to read as printed above.
NOTES
[1] Welfare and Institutions Code section 366.26, subdivision (b)(1) states: "At the hearing, which shall be held in juvenile court for all minors who are dependents of the juvenile court, the court, in order to provide stable, permanent homes for these minors, shall review the report as specified in Section 361.5, 366.21, or 366.22, shall indicate that the court has read and considered it, shall receive other evidence that the parties present, and then shall do one of the following: [¶] (1) Permanently sever the rights of the parent or parents and order that the child be placed for adoption and, upon the filing of a petition for adoption in the juvenile court, order that a hearing be set. The court shall proceed with the adoption after the appellate rights of the natural parents have been exhausted." Unless otherwise indicated, all future statutory references are to the Welfare and Institutions Code.
[2] The judicial officer who appointed counsel is not the trial judge who issued the order terminating parental rights.
[3] Rule 3-310 of the Rules of Professional Conduct provides: "(A) For purposes of this rule: [¶] (1) `Disclosure means informing the client or former client of the relevant circumstances and of the actual and reasonably foreseeable adverse consequences to the client or former client; [¶] (2) `Informed written consent' means the client's or former client's written agreement to the representation following written disclosure; [¶] (3) `Written' means any writing as defined in Evidence Code section 250. [¶] (B) A member shall not accept or continue representation of a client without providing written disclosure to the client where: [¶] (1) The member has a legal, business, financial, professional, or personal relationship with a party or witness in the same matter; or [¶] (2) The member knows or reasonably should know that: [¶] (a) the member previously had a legal, business, financial, professional, or personal relationship with a party or witness in the same matter; and [¶] (b) the previous relationship would substantially affect the member's representation; or [¶] (3) The member has or had a legal, business, financial, professional, or personal relationship with another person or entity the member knows or reasonably should know would be affected substantially by resolution of the matter; or [¶] (4) The member has or had a legal, business, financial, or professional interest in the subject matter of the representation. [¶] (C) A member shall not, without the informed written consent of each client: [¶] (1) Accept representation of more than one client in a matter in which the interests of the clients potentially conflict; or [¶] (2) Accept or continue representation of more than one client in a matter in which the interests of the clients actually conflict; or [¶] (3) Represent a client in a matter and at the same time in a separate matter accept as a client a person or entity whose interest in the first matter is adverse to the client in the first matter. [¶] (D) A member who represents two or more clients shall not enter into an aggregate settlement of the claims of or against the clients without the informed written consent of each client. [¶] (E) A member shall not, without the informed written consent of the client or former client, accept employment adverse to the client or former client where, by reason of the representation of the client or former client, the member has obtained confidential information material to the employment. [¶] (F) A member shall not accept compensation for representing a client from one other than the client unless: [¶] (1) There is no interference with the member's independence of professional judgment or with the client-lawyer relationship; and [¶] (2) Information relating to representation of the client is protected as required by Business and Professions Code section 6068, subdivision (e); and [¶] (3) The member obtains the client's informed written consent, provided that no disclosure or consent is required if: [¶] (a) such nondisclosure is otherwise authorized by law; or [¶] (b) the member is rendering legal services on behalf of any public agency which provides legal services to other public agencies or the public."
[4] Section 202, subdivision (d) states in pertinent part, "Juvenile courts and other public agencies charged with enforcing, interpreting, and administering the juvenile court law shall consider the safety and protection of the public and the best interests of the minor in all deliberations pursuant to this chapter."
[5] We do not attempt in this opinion to delineate all of the situations where the best interests of the child would require the appointment of counsel.
[6] Dependency Court Legal Services, Inc., which represented the child in the trial court has filed an extensive letter brief explaining why, in its view, separate counsel would be helpful on appeal. However, in the trial court, the lawyer it assigned to the case agreed with the position of the Los Angeles County Counsel in connection with all of the legal and factual issues raised at the parental termination rights hearing. Now, for the first time on appeal, the legal services entity argues that some of the positions it took in the trial court should be reconsidered. However, none of the contentions raised in its brief can be raised for the first time on appeal. (In re Anthony P. (1995) 39 Cal. App.4th 635, 641-642 [46 Cal. Rptr.2d 107] [failure to raise issue of minor's rights to ongoing and frequent visitation with a sibling as required by § 16002, subd. (b) waived by failure to raise the question in the juvenile court]; In re Richard K. (1994) 25 Cal. App.4th 580, 589-590 [30 Cal. Rptr.2d 575] [submitting to local child protective services agency's recommendation of removal of child, without introducing any evidence or offering any argument, waives issue of sufficiency of evidence to support such an order on appeal]; In re Daniel D. (1994) 24 Cal. App.4th 1823, 1831 [30 Cal. Rptr.2d 245] [by only seeking placement with herself in superior court, mother waived right on appeal to contend child should be placed with grandmother]; In re Riva M. (1991) 235 Cal. App.3d 403, 411 [286 Cal. Rptr. 592] [parent waived right to proof beyond a reasonable doubt mandated by Indian Child Welfare Act (25 U.S.C. §§ 1901-1963) when no objection interposed to court's use of clear and convincing evidence standard]; In re Heidi T., supra, 87 Cal. App.3d at p. 876 [failure to object in superior court waived issue of right to separate counsel for minor].) Most critically, given the brief submitted by counsel for DCFS, it is apparent that no conflict of interest exists nor is there any other factor present which would require appointing counsel for the minor.