[No. G018439. Fourth Dist., Div. Three. Aug. 30, 1996.]

In re JOSHUA B., a Person Coming Under the Juvenile Court Law.
ORANGE COUNTY SOCIAL SERVICES AGENCY, Plaintiff and
Respondent, v.
ANGELA B., Defendant and Respondent;
CHRISTINE B. et al., Defendants and Appellants.

**[Opinion certified for partial publication.*]**

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication
with the exception of parts I through III.

**COUNSEL**

Van Deusen, Youmans & Walmsley and Robert R. Walmsley for Defendants and Appellants.

Terry C. Andrus, County Counsel, and Michelle Ben-Hur, Deputy County Counsel, for Plaintiff and Respondent.

Donna L. Groman, under appointment by the Court of Appeal, for Defendant and Respondent.

Jane B. Winer, under appointment by the Court of Appeal, for Minor.

**OPINION**

**WALLIN, J.**—Christine and Leonard B., foster parents and de facto parents of Joshua B., appeal the order of the juvenile court under Welfare and Institutions Code section 388[1] returning Joshua to the custody of his biological mother, Angela B., and continuing dependency under a family maintenance plan. We find substantial evidence supports the court's order and affirm. In the published portion of this opinion, we conclude we are not required to appoint counsel for an indigent parent who is a respondent, but we retain discretion to do so.

I-III*

. . . . . . . . . . . . . . . . . . . . . . . .

IV

■ Although we appointed appellate counsel for Angela, we questioned, on our own motion, whether we are *required* to do so when an indigent parent of a dependent child is the respondent rather than the appellant. We conclude we are not required to appoint counsel in such a situation, but our discretion to do so will be liberally exercised.

---

[1]All statutory references are to the Welfare and Institutions Code unless otherwise indicated.
*See footnote, *ante,* page 1676.

The Supreme Court has recently dealt with the question of appointed counsel for a respondent parent in a nondependency case in *In re Bryce C.* (1995) 12 Cal.4th 226 [48 Cal.Rptr.2d 120, 906 P.2d 1275]. There, the stepfather petitioned to free the child from the biological father's custody and control on the grounds of abandonment (Fam. Code, § 7800 et seq.) The trial court found no abandonment, and the stepfather appealed. The Court of Appeal denied the biological father's request for appointed counsel, finding he was not entitled to appointed appellate counsel under Family Code section 7895. The Supreme Court held an indigent respondent whose parental rights have not been terminated is not entitled to appointed counsel "as of right," but the appellate courts retain discretion to appoint counsel where parental rights are at stake. (*In re Bryce C., supra,* 12 Cal.4th at p. 229.)

Family Code section 7895 (former Civil Code section 237.7) provides: "(a) Upon appeal from a judgment freeing a child who is a dependent child of the juvenile court from parental custody and control, the appellate court shall appoint counsel for the appellant as provided by this section. [¶] (b) Upon motion by the appellant and a finding that the appellant is unable to afford counsel, the appellate court shall appoint counsel for the indigent appellant, and appellant's counsel shall be provided a free copy of the reporter's and clerk's transcript. . . ." The Supreme Court found "[t]he legislative language and history both demonstrate an intent to require counsel for appellants, but not necessarily for respondents." (*In re Bryce C., supra,* 12 Cal.4th at p. 232.)

Before the enactment of former Civil Code section 237.7 in 1984, the statutory scheme for termination of parental rights did not expressly provide for appellate counsel. Reasoning that an indigent parent had the right to an effective appeal, including the services of counsel, the Supreme Court in *In re Jacqueline H.* (1978) 21 Cal.3d 170 [145 Cal.Rptr. 548, 577 P.2d 683] interpreted the statutes as "impliedly requiring a 'reviewing court to appoint counsel for any indigent parent appealing from an order terminating parental rights. . . .' [Citation.]" (*In re Bryce C., supra,* 12 Cal.4th at p. 230.) The legislative materials preceding the enactment of former Civil Code section 237.7 "show an intent to codify the rule of *Jacqueline H.* . . . . They do not, however, evidence an intent to expand that rule." (*Id.* at p. 232.)

Although a respondent parent is not entitled to appointed counsel as a matter of right, the *Bryce C.* court emphasized that the appellate courts retain the authority to appoint counsel for an indigent parent who is a respondent "in any other appeal in which the parent's custody and control of a child is at stake," and should do so "whenever the appearance of counsel may reasonably affect the ultimate decision." The court set out the following

factors: "[T]he nature of the ruling below, the complexity of the issues raised, whether the appellate court contemplates a decision adverse to the parent, and the consequences of any potential adverse ruling." (12 Cal.4th at pp. 229, 234.)

Because the case before us, like most of the cases in which this issue will arise, is a dependency case, it is not governed by former Civil Code section 237.7 or the current statute, Family Code section 7895.[4] The statutory right to appointed counsel in dependency cases is found in Welfare and Institutions Code section 317, which makes no mention of the right to counsel on appeal. That section provides in part: "(a) When it appears to the court that a parent or guardian of the minor desires counsel but is presently financially unable to afford and cannot for that reason employ counsel, the court may appoint counsel as provided in this section. [¶] (b) When it appears to the court that a parent or guardian of the minor is presently financially unable to afford and cannot for that reason employ counsel, and the minor has been placed in out-of-home care or the petitioning agency is recommending that the minor be placed in out-of-home care, the court shall appoint counsel, unless the court finds that the parent or guardian has made a knowing and intelligent waiver of counsel as provided in this section. . . ."

Although there is no specific statutory right to appointed appellate counsel for parents in dependency proceedings, that right has been implied by case law since 1974. (*In re Simeth* (1974) 40 Cal.App.3d 982 [115 Cal.Rptr. 617] [indigent parent has right to appointed counsel on appeal from order adjudging child a dependent of the juvenile court].) Since the inclusion of termination proceedings in the Welfare and Institutions Code, the right to appellate counsel in that context has been attributed to *Jacqueline H.* (See, e.g., *In re Mary C.* (1995) 41 Cal.App.4th 71, 77 [48 Cal.Rptr.2d 346]; *In re Andrew B.* (1995) 40 Cal.App.4th 825, 851-852 [47 Cal.Rptr.2d 604].) Accordingly, the *Bryce C.* interpretation of *Jacqueline H.* as requiring appointed appellate counsel only for indigent appellant parents must apply to the right to counsel in dependency cases as well as proceedings under the Family Code.

We stress, however, our agreement with the Supreme Court that "an accurate determination whether to terminate parental rights" is of "fundamental importance to the parent and society." (*In re Bryce C., supra,* 12

---

[4]At the time of *Jacqueline H.* and the enactment of former Civil Code section 237.7, all terminations of parental rights were governed by the Civil Code. In 1989, however, the Legislature enacted sweeping revisions to the dependency scheme under the Welfare and Institutions Code, which now governs the termination of parental rights to dependent children of the juvenile court. (Welf. & Inst. Code, § 300 et seq.) Actions to free nondependent children from parental control are governed by the former Civil Code scheme, now reenacted in the Family Code. (Fam. Code, § 7800 et seq.; see *Appellate Defenders, Inc.* v. *Cheri S.* (1995) 35 Cal.App.4th 1819, 1825-1826 [42 Cal.Rptr.2d 195]; *In re Curtis S.* (1994) 25 Cal.App.4th 687, 691 [30 Cal.Rptr.2d 739].)

Cal.4th at p. 234.) For this reason, we intend to exercise our discretion to appoint appellate counsel liberally.[5]

The order of the juvenile court returning Joshua to the custody of his mother is affirmed.

Sills, P. J., and Rylaarsdam, J., concurred.

---

[5]The Supreme Court suggested, "Some appellate courts might find it more efficient, on balance, to exercise their discretion by granting counsel to all responding parents in termination cases, rather than on a case-by-case basis. We do not require or prohibit either practice. That is up to the courts themselves in the management of their dockets." (*In re Bryce C.*, *supra*, 12 Cal.4th at p. 235.) We choose to retain the discretion to refuse counsel in an appropriate case.