126 Cal.Rptr.2d 897 (2002)
29 Cal.4th 200
57 P.3d 363
In re J.W, a Minor.
Walter W, Petitioner and Respondent,
v.
Jacqueline W, Objector and Appellant.
No. S100745.
Supreme Court of California.
November 14, 2002.
*898 Bradley A. Bristow, Sacramento, under appointment by the Supreme Court, for Objector and Appellant.
Robert Navarro, Fresno, under appointment by the Supreme Court, for Petitioner and Respondent.
*899 KENNARD, J.
In 1978, this court held that a reviewing court is required "to appoint counsel for any indigent parent appealing from an order terminating parental rights pursuant to Civil Code [former] section 232." (In re Jacqueline H. (1978) 21 Cal.3d 170, 177, 145 Cal.Rptr. 548, 577 P.2d 683, fn. omitted, italics added (Jacqueline H.).) We concluded that an indigent parent's right to appointed appellate counsel was "implicit in the Legislature's entire statutory scheme for the removal of children from the custody and control of their parents." (Id. at p. 175, 145 Cal.Rptr. 548, 577 P.2d 683.) In 1984, the Legislature enacted a statute requiring a reviewing court to appoint counsel for an indigent parent "[u]pon appeal from a judgment freeing a minor who is a dependent child of the juvenile court from parental custody and control...." (Civ.Code, former § 237.7 [reenacted in 1992, operative 1994, as Fam. Code, § 7895], italics added.)
At issue here is whether a reviewing court is required to appoint counsel for an indigent parent on an appeal from a judgment freeing from parental custody and control a child who is not a dependent child of the juvenile court. The issue is one that we have previously noted without deciding (In re Bryce C. (1995) 12 Cal.4th 226, 233, 48 Cal.Rptr.2d 120, 906 P.2d 1275 (Bryce C.)), and on which the Courts of Appeal have published conflicting decisions (compare In re Curtis S. (1994) 25 Cal. App.4th 687, 30 Cal.Rptr.2d 739 (Curtis S.) [no right to appointed appellate counsel] with Appellate Defenders, Inc. v. Cheri S. (1995) 35 Cal.App.4th 1819, 42 Cal.Rptr.2d 195 (Appellate Defenders) [expressly disagreeing with Curtis S.]).
We conclude that any indigent parent appealing a judgment terminating parental rights in a proceeding to free a child from parental custody and control is entitled to counsel. This court so held in Jacqueline H., supra, 21 Cal.3d 170, 145 Cal.Rptr. 548, 577 P.2d 683, and a thorough review of the legislative history of the statutory provision that is now Family Code section 7895 reveals no evidence of a legislative intent to restrict or abrogate that holding. Although the statute on its face might appear to restrict the right to appointed appellate counsel to parents of juvenile court dependents, enforcement of that apparent limitation would render the statute a nullity because, since January 1, 1989, parental rights in juvenile court dependents are now terminated in juvenile court dependency proceedings under the Welfare and Institutions Code rather than in proceedings under the Family Code to free a child from parental custody and control. To avoid rendering Family Code section 7895 entirely useless, we construe it as establishing a right to appointed appellate counsel for any indigent parent appealing from a judgment freeing a child from parental custody and control.

I. Factual Background
On January 24, 2000, father, Walter W., petitioned under Family Code section 7822 for a judgment declaring his minor son, J. W., free from the custody and control of the son's mother, Jacqueline W. The father alleged that the mother had left the child in his custody since February 1995, without supporting or communicating with the child. The superior court appointed counsel to represent the mother in the lawsuit. On December 19, 2000, Family Court Services submitted an investigation report recommending that the superior court grant the petition. The superior court held a two-day contested hearing that ended on April 27, 2001, after which the court announced its decision to declare the child free from the mother's custody and control and to terminate her parental rights. On *900 June 13, 2001, the court entered judgment, consistent with its announced decision, terminating the mother's parental rights.
The mother appealed and requested appointment of appellate counsel under Family Code section 7895, which requires a reviewing court to appoint counsel for an indigent parent "[u]pon appeal from a judgment freeing a child who is a dependent child of the juvenile court from parental custody and control." On July 13, 2001, the Court of Appeal for the Fifth Appellate District by order appointed appellate counsel for the mother, but six days later the court vacated that order as improvidently granted, stating that because the child was not a juvenile court dependent, the mother did not have an automatic right to appellate counsel. The court allowed the mother to apply for appointed counsel by providing a financial declaration together with a written explanation of why she needed counsel and what issues she expected to raise on appeal. On August 17, 2001, the court denied the mother's application for appointed counsel "for lack of good cause shown."
The mother petitioned this court for review of the Court of Appeal's order denying appointed counsel to represent her on her appeal from the judgment terminating her parental rights in her son. We granted her petition for review and appointed counsel to represent her in this court.

II. Legal Background

A. Jacqueline H.

In Jacqueline H., supra, 21 Cal.3d 170, 145 Cal.Rptr. 548, 577 P.2d 683, a county adoption agency petitioned under former section 232 of the Civil Code (the predecessor of current section 7822 of the Family Code) to terminate a mother's parental rights in her daughter. The superior court appointed an attorney to represent the mother, who was indigent. After a contested hearing, the court granted the petition and entered a judgment terminating the mother's parental rights. The mother's appointed trial attorney helped her file a notice of appeal and then withdrew from the case. (Jacqueline H., supra, at p. 173, 145 Cal.Rptr. 548, 577 P.2d 683.)
When the mother failed to submit an opening brief, the Court of Appeal dismissed her appeal. The mother then requested that the Court of Appeal vacate the dismissal and appoint counsel to represent her. After the Court of Appeal denied her request, this court granted her petition for hearing. (Jacqueline H., supra, 21 Cal.3d at p. 173, 145 Cal.Rptr. 548, 577 P.2d 683.)
In a unanimous opinion, we held that a reviewing court is required "to appoint counsel for any indigent parent appealing from an order terminating parental rights pursuant to Civil Code [former] section 232." (Jacqueline H., supra, 21 Cal.3d at p. 177, 145 Cal.Rptr. 548, 577 P.2d 683, fn. omitted, italics added.) We concluded that the right to appellate counsel was "implicit in the Legislature's entire statutory scheme for the removal of children from the custody and control of their parents." (Id. at p. 175, 145 Cal.Rptr. 548, 577 P.2d 683.) More particularly, we construed former section 237.5 of the Civil Code (expressly providing for appointment of trial counsel for indigent parents in proceedings to remove children from their custody and control) and former section 238 of the Civil Code (describing the effect of a judgment freeing a minor from a parent's custody and control) as implicitly giving indigent parents a right to appointment of appellate counsel. (Jacqueline H., supra, at p. 177, 145 Cal.Rptr. 548, 577 P.2d 683.)

B. Enactment of Former Section 237.7 of the Civil Code
In 1984, some six years after this court's decision in Jacqueline H., supra, 21 Cal.3d *901 170, 145 Cal.Rptr. 548, 577 P.2d 683, the Legislature enacted former section 237.7 of the Civil Code. (Stats.1984, ch. 605, § 1, p. 2326.) It provided: "Upon appeal from a judgment freeing a minor who is a dependent child of the juvenile court from parental custody and control, the appellate court shall appoint counsel for the appellant as provided by this section. [¶] Upon motion by the appellant and a finding that the appellant is unable to afford counsel, the appellate court shall appoint counsel for the indigent appellant, and appellant's counsel shall be provided a free copy of the reporter's and clerk's transcript. All of those costs shall be a charge against the state." (Italics added; see now Fam.Code, § 7895, subds. (a), (b).)

C. Modification of Procedure For Terminating Parental Rights in Dependent Children of the Juvenile Court
In 1987, as part of a comprehensive revision of laws affecting children, the Legislature modified the procedure for terminating parental rights in dependent children of the juvenile court. The Legislature "eliminated the need to file a separate civil action pursuant to Civil Code [former] section 232 to terminate parental rights and provided that all termination proceedings for children who are dependents of the court are to be heard in the juvenile court as part of the regular review process." (In re Marilyn H. (1993) 5 Cal.4th 295, 303, 19 Cal.Rptr.2d 544, 851 P.2d 826, italics added [discussing Stats. 1987, ch. 1485, p. 5598]; see Welf. & Inst. Code, § 366.26.) The new scheme applies to children adjudged dependent on or after January 1, 1989. (In re Marilyn H., supra, at p. 303, 19 Cal.Rptr.2d 544, 851 P.2d 826.)

D. Enactment Of The Family Code
In 1992, the Legislature enacted the Family Code, with an effective date of January 1, 1994. (Stats.1992, ch. 162, p. 463 et seq.) In the process, the Legislature repealed the sections of the Civil Code governing actions to free a child from parental custody and control (Stats. 1992, ch. 162, § 2, p. 464) and reenacted these provisions without substantive change as Family Code section 7800 and following (Stats.1992, ch. 162, § 10, pp. 662-673). With one minor, nonsubstantive change, the Legislature reenacted the text of former section 237.7 of the Civil Code, concerning appointment of appellate counsel for an indigent parent in such proceedings, as Family Code section 7895. The Legislature amended this section in 2000 (Stats.2000, ch. 447, § 4) and 2001 (Stats. 2001, ch. 754, § 3), but the amendments are not relevant to the issue we consider here.

E. Curtis S.

In 1994, the Court of Appeal for the Fifth Appellate District decided Curtis S., supra, 25 Cal.App.4th 687, 30 Cal.Rptr.2d 739, in which a child's maternal grandparents obtained a judgment under former section 232 of the Civil Code freeing the child from his father's custody and control. On the father's appeal from the judgment terminating his parental rights, the Court of Appeal initially granted his request for appointment of counsel, but later it revoked the appointment, holding that an indigent parent appealing from a judgment freeing a child from the parent's custody and control does not have a right to appellate counsel if the child is not a dependent child of the juvenile court. (Curtis S., supra, at p. 691, 30 Cal.Rptr.2d 739.) The court recognized that in Jacqueline H., supra, 21 Cal.3d 170, 145 Cal.Rptr. 548, 577 P.2d 683, this court had construed the statutory scheme as implicitly requiring a reviewing court to appoint counsel for any *902 indigent parent appealing from a judgment freeing a child from parental custody and control (Curtis S., supra, at pp. 691-692, 30 Cal.Rptr.2d 739), but the Court of Appeal took the position that the Legislature, by its 1984 enactment of former section 237.7 of the Civil Code (later repealed and reenacted without substantive change as Family Code section 7895), had "restrict[ed] a parent's right to appointed appellate counsel to situations in which the child who was freed from parental custody was a dependent child of the juvenile court." (Curtis S., supra, at p. 692, 30 Cal.Rptr.2d 739, italics added.) The court further held that this restriction did not violate the constitutional equal protection or due process rights of parents of nondependent children. (Id. at pp. 692-693, 30 Cal.Rptr.2d 739.)

F. Appellate Defenders

In June 1995, the Court of Appeal for the Fourth Appellate District, Division One, decided Appellate Defenders, supra, 35 Cal.App.4th 1819, 42 Cal.Rptr.2d 195, in which a father had petitioned under Family Code section 7822 to declare his daughters free from their mother's custody and control. His wife separately petitioned under Family Code section 9000 for a stepparent adoption without the mother's consent. The indigent mother opposed both petitions, and the superior court appointed an attorney to represent her at the consolidated trial. The superior court denied the father's petition, but it granted the step-mother's adoption petition, and in that proceeding it terminated the mother's parental rights. The mother appealed and requested appointment of appellate counsel. (Appellate Defenders, supra, at pp. 1821-1823, 42 Cal.Rptr.2d 195.)
The Court of Appeal granted the mother's request for appointed appellate counsel. In its opinion, the Appellate Defenders court expressly disagreed with Curtis S., supra, 25 Cal.App.4th 687, 30 Cal. Rptr.2d 739. Examining the legislative history of the 1984 enactment of former section 237.7 of the Civil Code (later repealed and reenacted without substantive change as Family Code section 7895), the court found "no intent by the Legislature to abrogate or restrict the right to appellate counsel established by Jacqueline H., supra, 21 Cal.3d 170." (Appellate Defenders, supra, 35 Cal.App.4th at pp. 1824-1825, 42 Cal.Rptr.2d 195.) The analyses prepared for the Senate and Assembly Committees on the Judiciary stated that the Legislature intended in former section 237.7 of the Civil Code to codify the holding of Jacqueline H., and "[t]he reference to `dependent child' ... likely resulted from the Legislature's concern at that time for the inordinate delay and expense of continuing children in foster care pending finality of their cases." (Appellate Defenders, supra, at p. 1825, 42 Cal.Rptr.2d 195.) The court observed that, since the 1987 revision of the juvenile dependency laws, "the termination of parental rights of dependent children no longer proceeds under the Civil Code, but follows the comprehensive dependency scheme under Welfare and Institutions Code section 300 et seq.," while actions to terminate parental rights in nondependent children continue under the Family Code provisions for freedom from parental custody and control (Fam. Code, § 7800 et seq.) and for adoption (id., § 8500 et seq.). (Appellate Defenders, supra, at pp. 1825-1826, 42 Cal.Rptr.2d 195.) The court concluded that "the reasoning expressed in Jacqueline H. continues to apply" (id. at p. 1826, 145 Cal.Rptr. 548, 577 P.2d 683) and that "the right to appointed counsel would be a hollow one if it were limited to trial" (id. at p. 1827, 42 Cal.Rptr.2d 195).

*903 G. Bryce C.

In December 1995, this court interpreted Family Code section 7895 in Bryce C, supra, 12 Cal.4th 226, 48 Cal.Rptr.2d 120, 906 P.2d 1275. There, a child's stepfather petitioned the superior court under the Family Code for a judgment freeing the child from his father's custody and control. The superior court denied the petition after finding that the father had not abandoned the child. On the stepfather's appeal, the Court of Appeal for the Fifth Appellate District refused to appoint counsel to represent the indigent father. We granted the father's petition for review of this order.
The issue in this court was whether, on appeal from a judgment refusing to free a child from a parent's custody and control, an appellate court was required under Family Code section 7895 to appoint appellate counsel for an indigent parent who was a respondent on the appeal. (Bryce C, supra, 12 Cal.4th at pp. 228-229, 48 Cal.Rptr.2d 120, 906 P.2d 1275.) This court concluded "that Family Code section 7895 requires appellate courts to appoint counsel only for parents appealing a judgment freeing a child from their custody and control," and thus a respondent was not entitled, as of right, to appointed counsel, although an appellate court retained discretion to appoint counsel for a respondent "whenever the appearance of counsel may reasonably affect whether parental rights are terminated." (Bryce C, supra, at p. 229, 48 Cal.Rptr.2d 120, 906 P.2d 1275; but see also id. at p. 235, 48 Cal. Rptr.2d 120, 906 P.2d 1275 (cone. & dis. opn. of Kennard, J.).)
At the outset, this court acknowledged that proceedings under the Family Code to free a child from parental custody and control "are immensely important to the parent" because a judgment granting a petition terminates all parental rights in the child. (Bryce C, supra, 12 Cal.4th at p. 230, 48 Cal.Rptr.2d 120, 906 P.2d 1275.) This court also acknowledged that in Jacqueline H., supra, 21 Cal.3d 170, 145 Cal. Rptr. 548, 577 P.2d 683, it had construed the statutory scheme "as impliedly requiring a `reviewing court to appoint counsel for any indigent parent appealing from an order terminating parental rights....'" (Bryce C, supra, at p. 230, 48 Cal.Rptr.2d 120, 906 P.2d 1275.)
Noting that the Legislature enacted Civil Code former section 237.7, later reenacted as Family Code section 7895, a few years after our decision in Jacqueline H., supra, 21 Cal.3d 170, 145 Cal.Rptr. 548, 577 P.2d 683, this court in Bryce C. reviewed legislative history materials relating to that provision. We then concluded that "[t]he legislative language and history both demonstrate an intent to require counsel for appellants, but not necessarily for respondents." (Bryce C, supra, 12 Cal.4th at p. 232, 48 Cal.Rptr.2d 120, 906 P.2d 1275.) This court added: "Substantial reasons explain and justify a statute granting counsel to all appellants whose parental rights have been terminated but not to all respondents whose rights have not been terminated. An appellant whose rights have been terminated has the burden to perfect the appeal, and to identify and argue points of error to try to overturn a presumptively valid judgment. [Citation.] The rationale of Jacqueline H., supra, 21 Cal.3d at page 177, 145 Cal.Rptr. 548, 577 P.2d 683, was that indigent parents should have the `right to an effective appeal,' not just any appeal, which requires an attorney. (Italics in original.) The quoted language was also quoted in the bill analyses of both the Senate and Assembly Committees on the Judiciary. Although counsel is certainly useful, and sometimes vital, to a respondent, this argument has less force when the parent is *904 defending a favorable judgment, and the presumptions favor the respondent." (Ibid.) Having concluded that the father was not entitled to appellate counsel as of right because he was the respondent on the appeal, this court in Bryce C. expressly declined to decide "whether the child must be a dependent child of the court for counsel to be required." (Id. at p. 233, 48 Cal.Rptr.2d 120, 906 P.2d 1275.) The matter was remanded so the Court of Appeal could exercise its discretion and determine whether to appoint counsel to represent the father under the standards articulated.

III. Discussion
Our task is to interpret Family Code section 7985 to determine whether it requires reviewing courts to appoint appellate counsel for an indigent parent appealing from a judgment freeing a child from parental custody and control and terminating parental rights when the child is not a juvenile court dependent. "Our role in construing a statute is to ascertain the Legislature's intent so as to effectuate the purpose of the law." (Hunt v. Superior Court (1999) 21 Cal.4th 984, 1000, 90 Cal. Rptr.2d 236, 987 P.2d 705; accord, People v. Gardeley (1996) 14 Cal.4th 605, 621, 59 Cal.Rptr.2d 356, 927 P.2d 713.) We consider first the words of the statute because they are generally the most reliable indicator of legislative intent. (People v. Gardeley, supra, at p. 621, 59 Cal.Rptr.2d 356, 927 P.2d 713.)
Family Code section 7895 states that an appellate court must appoint counsel for a parent unable to afford counsel "[u]pon appeal from a judgment freeing a child who is a dependent child of the juvenile court from parental custody and control ...." (Italics added.) As we recognized in Bryce C, supra, 12 Cal.4th at page 230, 48 Cal.Rptr.2d 120, 906 P.2d 1275, the italicized language on its face appears to restrict the right to appellate counsel to actions in which the child is a juvenile court dependent. This follows from two principles of statutory construction. One principle assumes that every part of a statute serves a purpose and that nothing is superfluous. The other principle, commonly known under the Latin name of expressio unius est exclusio alterius, is that the expression of one thing in a statute ordinarily implies the exclusion of other things. (Gikas v. Zolin (1993) 6 Cal.4th 841, 852, 25 Cal.Rptr.2d 500, 863 P.2d 745.) Thus, if we were to consider only the bare words of the statute, without regard to its legislative history or other evidence of legislative intent, we might be inclined to assume that Family Code section 7895's express statement that the right to appellate counsel exists when the child is a juvenile court dependent implies that the right does not exist when the child is not a juvenile court dependent.
But neither of these principles of statutory construction is applied invariably and without regard to other indicia of legislative intent. Thus, we have explained that the rule against interpretations that make some parts of a statute surplusage is only a guide and will not be applied if it would defeat legislative intent or produce an absurd result. (People v. Rizo (2000) 22 Cal.4th 681, 687, 94 Cal.Rptr.2d 375, 996 P.2d 27.) And we have said that courts do not apply the expressio unius est exclusio alterius principle "if its operation would contradict a discernible and contrary legislative intent." (People v. Anzalone (1999) 19 Cal.4th 1074, 1079, 81 Cal. Rptr.2d 315, 969 P.2d 160; accord, Estate of Banerjee (1978) 21 Cal.3d 527, 539, fn. 10, 147 Cal.Rptr. 157, 580 P.2d 657.) More generally, we have often said that courts will not give statutory language a literal meaning if doing so would result in absurd consequences that the Legislature *905 could not have intended. (Horwich v. Superior Court (1999) 21 Cal.4th 272, 276, 87 Cal.Rptr.2d 222, 980 P.2d 927; Calatayud v. State of California (1998) 18 Cal.4th 1057, 1064-1065, 77 Cal.Rptr.2d 202, 959 P.2d 360; People v. Ledesma (1997) 16 Cal.4th 90, 95, 65 Cal.Rptr.2d 610, 939 P.2d 1310; Whitman v. Superior Court (1991) 54 Cal.3d 1063, 1072, 2 Cal.Rptr.2d 160, 820 P.2d 262; People v. Pieters (1991) 52 Cal.3d 894, 898, 276 Cal.Rptr. 918, 802 P.2d 420.)
Here, a construction of Family Code section 7895 that limits it to proceedings affecting juvenile court dependents makes the entire provision superfluous because parental rights for juvenile court dependents are terminated in juvenile court dependency proceedings under the Welfare and Institutions Code and not in family court proceedings under the Family Code to free a child from parental custody and control. (In re Marilyn H., supra, 5 Cal.4th at p. 303, 19 Cal.Rptr.2d 544, 851 P.2d 826.) This is confirmed by Family Code section 7808, which states: "This part [which includes Family Code section 7895] does not apply to a minor adjudged a dependent child of the juvenile court ... on and after January 1, 1989, during the period in which the minor is a dependent child of the court...." Thus, a construction limiting Family Code section 7895 to proceedings affecting juvenile court dependents would violate the principle of statutory construction that courts do not construe statutory provisions "so as to render them superfluous." (Shoemaker v. Myers (1990) 52 Cal.3d 1, 22, 276 Cal.Rptr. 303, 801 P.2d 1054; see also People v. Davis (1968) 68 Cal.2d 481, 483, 67 Cal.Rptr. 547, 439 P.2d 651 ["statutes are to be given a reasonable and common sense construction which will render them valid and operative rather than defeat them"]; Stafford v. Realty Bond Service Corp. (1952) 39 Cal.2d 797, 805, 249 P.2d 241 [courts should not assume the Legislature "indulged in idle acts"]; Walters v. Bank of America etc. Assn. (1937) 9 Cal.2d 46, 52, 69 P.2d 839 ["A statute should never be construed so strictly as to render it absurd or nugatory."].)
To determine what purpose the Legislature intended Family Code section 7895 to serve, we consider its legislative history. (See Laurel Heights Improvement Assn. v. Regents of University of California (1993) 6 Cal.4th 1112, 1127, 26 Cal.Rptr.2d 231, 864 P.2d 502 [courts examine legislative history as an extrinsic aid to determine legislative intent].)
As we have explained above, Family Code section 7895 was enacted in 1992 as part of the original Family Code, continuing without substantive change the provisions of former section 237.7 of the Civil Code. Former section 237.7 of the Civil Code, in turn, was enacted in 1984. In the same measure, the Legislature enacted former section 45 of the Code of Civil Procedure (later repealed but reenacted in 1988 without substantive change). It provided: "An appeal from a judgment freeing a minor who is a dependent child of the juvenile court from parental custody and control shall have precedence over all cases in the court to which an appeal in the matter is taken. In order to enable the child to be available for adoption as soon as possible and to minimize the anxiety to all parties, the appellate court shall grant an extension of time to a court reporter or to counsel only upon an exceptional showing of good cause." (Stats.1984, ch. 605, § 2, p. 2326.)
To determine the purpose of legislation, a court may consult contemporary legislative committee analyses of that legislation, which are subject to judicial notice. (People v. Cruz (1996) 13 Cal.4th 764, 773, fn. 5, 55 Cal.Rptr.2d 117, 919 P.2d *906 731; Hutnick v. United States Fidelity & Guaranty Co. (1988) 47 Cal.3d 456, 465, fn. 7, 253 Cal.Rptr. 236, 763 P.2d 1326.) As this court has recognized, for the 1984 legislation enacting former section 237.7 of the Civil Code these materials, "including analyses of both the Senate and Assembly Committees on the Judiciary, show an intent to codify the rule of Jacqueline H., supra, 21 Cal.3d 170, 145 Cal.Rptr. 548, 577 P.2d 683." (Bryce C, supra, 12 Cal.4th at p. 232, 48 Cal.Rptr.2d 120, 906 P.2d 1275.)
The analysis of the Senate Committee on the Judiciary describes the purpose of the legislation this way: "In In re Jacqueline H. (1978) 21 Cal.3d 170, 145 Cal.Rptr. 548, 577 P.2d 683, the California Supreme Court held that an indigent appellant is entitled to appointed counsel on appeal from an action declaring that a child is free from parental custody and control. [¶] This bill would codify that requirement and would also grant a calendar preference to appeals from such actions, [¶] The purpose of this bill is to clarify the law regarding appointed counsel in these cases and to expedite appeals from freedom from custody and control actions." (Sen. Com. on Judiciary, Analysis of Sen. Bill No.1912 (1983-1984 Reg. Sess.) as amended Mar. 19, 1984, p. 2.) This committee analysis also states: "According to proponents, codification is necessary because 'confusion and delays' result when rights are extended by the courts rather than by statute." (Id. at p. 3.)
A report of the Senate Finance Committee states that "[c]ase law has already specified that indigent appellants unable to afford counsel will be provided a court appointed-attorney and they have also been provided transcripts and records as requested. Therefore, this bill codifies current practice and should not impose any additional costs upon the courts." (Sen. Fin. Com, Analysis of Sen. Bill No.1912 (1983-1984 Reg. Sess.) as amended Mar. 19, 1984, p. 2.)
Assembly committee analyses reflect the same understanding of the legislation's purpose and effect. The analysis of the Assembly Committee on the Judiciary states: "This bill is intended to expedite the hearing of appeals of judgments freeing a minor from parental custody and control and to codify existing case law that indigent appellants in these appeals are entitled to court appointed counsel and free transcripts." (Assem. Com. on Judiciary, Analysis of Sen. Bill No.1912 (1983-1984 Reg. Sess.) as amended Mar. 19, 1984, p. 1.)
This committee analysis further explains: "The provision of this bill which requires the appellate court to appoint counsel for an indigent appellant would codify existing case law. In In Re Jacqueline H., 21 Cal.3d 170, [145 Cal.Rptr. 548, 577 P.2d 683] (1978), the California Supreme Court held that an indigent appellant is entitled to appointed counsel on appeal. The Court stated, `The Legislature could not have intended to withhold from an indigent parent the right to an effective appeal, and therefore, the services of appellate counsel in these proceedings.' According to the proponents, codification of this common law is necessary because confusion and delay result when rights are extended by the courts rather than by statute." (Assem. Com. on Judiciary, Analysis of Sen. Bill No.1912, supra, at pp. 1-2.)
Notably absent from these legislative committee analyses is any criticism of Jacqueline H., supra, 21 Cal.3d 170, 145 Cal. Rptr. 548, 577 P.2d 683, any expression of a purpose to restrict its holding, or any expression of intent to deny appellate counsel to the parents of children who are not dependents of the juvenile court. *907 Rather, the Legislature appears to have focused on juvenile court dependents because at that time freedom from parental custody proceedings most often involved such children and because the proponents of the legislation were particularly concerned to minimize delays in proceedings affecting children in foster care.
Moreover, even were we to conclude that in enacting former section 237.7 of the Civil Code the 1984 Legislature intended that provision to affect only proceedings in which the child was a juvenile court dependent, we could not draw a similar conclusion about the 1992 Legislature that transferred that provision without substantive change to become part of the original Family Code, or the Legislatures that amended that Family Code provision in 2000 and 2001. In 1992, proceedings to free children from parental custody and control no longer affected juvenile court dependents because the 1987 Legislature had provided that parental rights for those children were to be determined by the juvenile court as part of the dependency proceeding.[1] If Family Code section 7895 affects only the parents of juvenile court dependents whose rights are terminated in proceedings under the Family Code, its adoption would have been an idle act because there are no such parents. (See In re Joshua B. (1996) 48 Cal.App.4th 1676, 1680, 56 Cal.Rptr.2d 556 [Family Code section 7895 does not apply to appeals in dependency proceedings].)
In the end, a court must adopt the construction most consistent with the apparent legislative intent and most likely to promote rather than defeat the legislative purpose and to avoid absurd consequences. (Torres v. Parkhouse Tire Service, Inc. (2001) 26 Cal.4th 995, 1003, 111 Cal. Rptr.2d 564, 30 P.3d 57; People v. Rubalcava (2000) 23 Cal.4th 322, 328, 96 Cal. Rptr.2d 735, 1 P.3d 52; People v. Jenkins (1995) 10 Cal.4th 234, 246, 40 Cal.Rptr.2d 903, 893 P.2d 1224.) Here, to promote rather than defeat the legislative purpose to codify the holding of Jacqueline H., supra, 21 Cal.3d 170, 145 Cal.Rptr. 548, 577 P.2d 683, and to give a right to appellate counsel to indigent parents appealing from judgments freeing their children from their custody and control and terminating their parental rights, we construe Family Code section 7895 as applying to all such parents, whether or not the child is a juvenile court dependent. We disapprove In re Curtis S., supra, 25 Cal. App.4th 687, 30 Cal.Rptr.2d 739, insofar as it concluded otherwise. If the Legislature disagrees with our construction of Family Code section 7895, we assume it will act to clarify its intent.
Because we have interpreted Family Code section 7895 as applying to any indigent parent appealing a judgment freeing a child from that parent's custody and control, we need not address Walter W.'s arguments that failure to appoint counsel in this situation violates his constitutional rights to due process and equal protection of the laws.

IV. Conclusion and Disposition
Family Code section 7895 states: "Upon appeal from a judgment freeing a child who is a dependent child of the juvenile court from parental custody and control, the appellate court shall appoint counsel for [an indigent] appellant...." (Italics *908 added.) Applying standard principles of statutory construction to determine and effectuate legislative intent, we conclude that an appellate court must appoint counsel for any indigent parent appealing from a judgment freeing that parent's child from parental custody and control.
The order of the Court of Appeal denying counsel is reversed and the matter is remanded to that court with directions to appoint counsel for appellant.
WE CONCUR: GEORGE, C.J., and WERDEGAR, CHIN, BROWN, MORENO, and RAMIREZ, JJ.[*]
NOTES
[1] Although the 1987 legislation did not affect children adjudged dependents before January 1, 1989, it is most unlikely that the parental rights of children adjudged juvenile court dependents before 1989 would be terminated after the Family Code's effective date of January 1, 1994, because of the legislative mandate for permanency planning for dependent children within 12 to 18 months after dependency adjudication.
[*] Presiding Justice of the Court of Appeal, Fourth Appellate District, Division Two, assigned by the Chief Justice pursuant to article VI, section 6, of the California Constitution.